United States District Court
For the Northern District of California

1

**NOT FOR CITATION**

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7   M.L., by and through his Guardian Ad Litem,
    MONICA AUTRY,
8
                   Plaintiff,                    No. C 04-1782 PJH
9
         v.                                      **ORDER GRANTING**
10                                               **SUMMARY JUDGMENT**
    CITY AND COUNTY OF SAN FRANCISCO,
11  a municipal corporation; HEATHER FONG, in
    her capacity as Chief of Police for the CITY
12  AND COUNTY OF SAN FRANCISCO;
    STEPHEN BENZIGER, individually, and in
13  his capacity as a police officer for the CITY
    AND COUNTY OF SAN FRANCISCO; and,
14  San Francisco police officers DOES 1-25,
    inclusive,
15
16                 Defendants.
    _____/
17

18         Defendants' motion for summary judgment came on for hearing before this court on

19  January 18, 2006.  Plaintiff appeared through his counsel, Benjamin Nisenbaum.

20  Defendants appeared through their counsel, David Newdorf.  Having read the parties'

21  papers and carefully considered their arguments and the relevant legal authority, and good

22  cause appearing, the court hereby GRANTS defendants' motion as follows, and for the

23  reasons stated at the hearing.

24                              **BACKGROUND**

25         This is a case brought pursuant to 42 U.S.C. § 1983 ("section 1983").  On August

26  25, 2003, plaintiff Marcus L. ("ML"), a 14 year-old minor, was near his home, close to the

27  intersection of Middlepoint Street and Westpoint Street in the Bayview/Hunter's Point

28  neighborhood of San Francisco.  While outside, ML observed two plainclothes police

United States District Court

For the Northern District of California

1   officers, Officers Jonas and Mason, involved in an altercation with Lee Collins, an individual

2   whom the officers were attempting to arrest.[1]  ML, along with numerous other bystanders,

3   approached the location where the altercation was taking place in order to witness what

4   was happening.

5       According to the testimony in evidence, Officers Mason and Jonas struggled with Mr.

6   Collins for a few minutes, during which time the crowd of bystanders observing the incident

7   grew (testimony places the number of bystanders from anywhere between 40 and 100+

8   persons).  At one point during the struggle, Officer Mason drew his gun, pointed it at an

9   individual in the crowd surrounding them, and ordered the individual to "get back."  At

10  around the same time, the officers called for backup.  The backup units arrived to assist

11  Officers Mason and Jonas.  One of the backup officers was Officer Benziger.

12      According to ML, Officer Benziger ran towards him, and struck him on the arm with a

13  baton as he told ML to "get back."  Officer Benziger then repeated the order and struck ML

14  in the ribs with the baton.  As a result of the incident with Officer Benziger, ML suffered soft

15  tissue injuries and contusions.

16      ML, through his guardian Monica Autry, filed a complaint against the City and

17  County of San Francisco, Chief of Police Heather Fong, and Officer Benziger individually

18  and in his capacity as a police officer for the City (collectively "defendants").  The complaint

19  states eleven different causes of action against defendants as follows: section 1983 claims

20  against all three defendants (first, second, and third causes of action); assault and battery

21  against defendant Benziger (fourth cause of action); false imprisonment against defendant

22  Benziger (fifth cause of action); intentional infliction of emotional distress against defendant

23  Benziger (sixth cause of action); negligent infliction of emotional distress against defendant

24  Benziger (seventh cause of action); violation of civil code sections 51.7 and 52.1 against

25  defendant Benziger (eighth and ninth causes of action); negligence against defendant

26

27      [1]      Lee Collins is a plaintiff in a separate action against the City and County of San
28  Francisco, and that action has been related to the present one.  See Case No. 04-3982 PJH.

2

United States District Court

For the Northern District of California

1   Benziger (tenth cause of action); and negligent hiring, retention, training, supervision and

2   discipline, against defendants the City, and Chief of Police Heather Fong (eleventh cause

3   of action).

4        Defendants now move for summary judgment against ML on all causes of action.

5                                          **DISCUSSION**

6        A.      Legal Standard

7        Summary judgment shall be granted if "the pleadings, depositions, answers to

8   interrogatories, and admissions on file, together with the affidavits, if any, show that there is

9   no genuine issue as to any material fact and that the moving party is entitled to judgment

10  as a matter of law." FRCP 56(c).  Material facts are those which may affect the outcome of

11  the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to

12  a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

13  verdict for the nonmoving party.  Id.  The court must view the facts in the light most

14  favorable to the non-moving party and give it the benefit of all reasonable inferences to be

15  drawn from those facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

16  587 (1986).

17       In section 1983 cases such as the one here, the qualified immunity issue is

18  particularly well-suited for disposition on summary judgment.  See, e.g., Martin v. City of

19  Oceanside, 360 F.3d 1078, 1081 (9th Cir. 2004).

20       B.      Legal Analysis

21       Plaintiff's claims can be grouped into three categories:  his section 1983 claims

22  against defendants; his state common law claims against defendants; and his state

23  statutory claims against defendants.  The court addresses each category in turn.

24               **1.      The Section 1983 claims**

25       In his first three causes of action, plaintiff separately asserts section 1983 claims

26  against defendants the City and County of San Francisco, defendant Fong, and defendant

27  Benziger.

28

                                              3

United States District Court

For the Northern District of California

a.      Section 1983 claim against defendant City

It is undisputed that defendant Benziger struck plaintiff with a baton during the incident at issue, and that plaintiff contends that this act constituted a violation of plaintiff's constitutional rights.  The parties dispute, however, whether this act – standing alone – exposes the City to liability for the conduct of its employee, defendant Benziger.

The governing Supreme Court precedent is Monell v. Dept. of Soc. Serv. of New York, 436 U.S. 658, 690 (1987).  Monell expressly analyzed the applicability of section 1983 claims to local municipalities, and held that local governments cannot be made liable for the unconstitutional actions of its employees under a respondeat superior theory.  See 436 U.S. at 692 (section 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor").  The Monell court held, however, that when a local government's policy or custom is responsible for inflicting injury in violation of the constitution at the hands of one of its employees, liability will nonetheless attach.  Id. at 695.

As a result, the courts must carefully police the line between accountability for actions truly intended by a local government, and unfair imposition of respondeat superior liability on local government.  To that end, the Supreme Court has construed section 1983 liability to extend to local governments only where a plaintiff successfully demonstrates that, through "deliberate" conduct, the local government is the "moving force" behind any alleged unconstitutional injury.  See, e.g., Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

Here, plaintiff's claim against the City ultimately fails because he cannot show either an unconstitutional act on the part of defendant Benziger, as more fully explained below, or that defendant Benziger's allegedly unconstitutional actions were rooted in a policy or custom directly attributable to the City and County of San Francisco.

First, while plaintiff sufficiently alleges and proves that defendant Benziger struck him with a baton, resulting in soft tissue injuries, plaintiff does not sufficiently make out a

4

United States District Court
For the Northern District of California

1  case that this conduct is unconstitutional per se, as he suggests.  Plaintiff fails to cite any

2  authority for support.

3          Second, even assuming that defendant Benziger's actions are unconstitutional,

4  plaintiff fails to demonstrate that the actions are attributable to any custom or policy put in

5  place by the City, or that the City was in any way the "moving force" behind defendant

6  Benziger's actions.  Indeed, plaintiff does not point to any concrete custom or policy.

7  Plaintiff states only that the San Francisco Police Department policy is "being enforced in a

8  manner that operates as a tacit approval of violating citizen's rights."  See Opp. Br. at

9  10:18-19.  Plaintiff's only "proof" of this so-called "permissive" policy is: (1) the fact that

10  officers Mason and Jonas testified that they searched individuals due to the baggy clothing

11  worn by those individuals; (2) the fact that defendant Benziger's actions against plaintiff

12  took place after the crowd was already dispersing, and where plaintiff posed absolutely no

13  threat to the officers; and (3) the fact that defendant Benziger had allegedly repeatedly

14  engaged in misconduct.  Setting aside that, even if true, the foregoing is not necessarily

15  relevant proof of any type of "permissive" policy, the fact is that plaintiff does not even

16  marshal any evidence in support thereof.  Plaintiff cites to no evidentiary support in the

17  record; although plaintiff attaches what appears to be the entire transcript of proceedings

18  from a state court action against Mr. Collins, plaintiff never points to any specific or relevant

19  citations.  And although plaintiff cites to defendant Benziger's "repeated" misconduct,

20  plaintiff provides no evidence of any complaints against defendant Benziger, and even

21  conceded at the hearing that the only other proof of defendant Benziger's prior conduct is

22  stated in deposition testimony that plaintiff failed to even present to the court.[2]

23          In sum, plaintiff's lack of evidentiary support is fatal to his claim.  Without proof of

24  _____

25          [2]        The absence of evidence is remarkable.  The only evidence submitted by plaintiff
    in opposition to this motion are the transcript and related court records pertaining to Mr. Collins'
26  criminal case, all of which bears little relevance to this case.  Additionally, plaintiff relies on his
    deposition transcript submitted by defendants.  Although plaintiff claims to have taken
27  defendant Benziger's deposition, he provides no transcript and instead suggests that
    defendant Benziger's counsel will agree that Benziger testified to certain facts.  No stipulation
28  of facts was, however, proffered by counsel.

United States District Court

For the Northern District of California

1  any unconstitutional conduct on the part of defendant Benziger, or of any deliberate custom

2  or policy put in place by the City, <u>Monell</u> prohibits the City from being held liable for

3  defendant Benziger's actions.

4       Accordingly, summary judgment on plaintiff's section 1983 claim against defendant

5  City is GRANTED in favor of defendants.

6                 b.     <u>Section 1983 claim against defendant Fong</u>

7       Defendant Fong, sued by plaintiff in her capacity as Chief of Police, was not actually

8  Chief of Police during the relevant time frame in which the alleged underlying incidents

9  occurred.  Defendants move for summary judgment as to all claims against her on this

10  ground.  Plaintiff conceded, in his opposition papers and through counsel at the hearing,

11  that "Chief Fong was not chief at the time of this incident" and that as a result, he "does not

12  contest the motion with respect to Chief Fong."

13       Accordingly, summary judgment on plaintiff's section 1983 claim against defendant

14  Fong is GRANTED in favor of defendants.

15                 c.     <u>Section 1983 claim against defendant Benziger</u>

16       Resolution of plaintiff's section 1983 claim against defendant Benziger depends on

17  whether the qualified immunity privilege is applicable to defendant.  If so, then plaintiff

18  cannot assert a section 1983 claim against defendant.

19       To determine whether qualified immunity applies, the court must engage in a two-

20  part inquiry.  First, the court must decide whether the facts as a whole show that an

21  officer's conduct violated a constitutional right.  <u>See Saucier v. Katz</u>, 533 U.S. 194, 201

22  (2001).  Second, and if so, the court must ask whether the right was "clearly established."

23  <u>Id</u>.  The relevant inquiry for determining whether a right is clearly established is "whether it

24  would be clear to a reasonable officer that his conduct was unlawful in the situation he

25  confronted."  <u>Id</u>. at 202.

26       With respect to the first element, plaintiff asserts that defendant Benziger's use of

27

28

United States District Court

For the Northern District of California

force against him was excessive, resulting in a violation of plaintiff's constitutional rights.[3]

In support of his argument, plaintiff points out that defendant Benziger arrived on the scene

after the crowd had already started to disperse; that plaintiff was an innocent bystander

who was not threatening the defendant; that Mr. Collins had already been handcuffed when

defendant Benziger arrived; that only one individual had made a move towards Officers

Mason and Jonas prior to the arrival of backup; and that defendant Benziger's command to

plaintiff to "get back" was issued simultaneously with the striking of the baton.  All these

facts, argues plaintiff, are undisputed and proof of excessive force.

Missing from plaintiff's argument, however, is any legal authority from which to

conclude, based on the above facts, that defendant Benziger's use of force was excessive.

Without such authority, the court cannot conclude that the first element is satisfied – i.e.,

that the facts as a whole demonstrate that defendant Benziger violated plaintiff's

constitutional rights.  This is particularly so, given that the above facts do not materially

change or alter the other undisputed facts in the case cited by defendants: that officers

Mason and Jonas were surrounded in the open by a crowd that neared 100 at one point;

that one of the officers felt it necessary to brandish his firearm at one member of the crowd,

telling him to "get back;" that at least some members of the crowd were still present when

backup arrived; that plaintiff was mere yards away from the incident; and that plaintiff heard

at least one original command to "get back," yet remained where he was.  Given these

undisputed facts, there is simply no evidence of excessive force.  See Graham v. Connor,

490 U.S. 386, 397 (1989) (holding no excessive force) ("[P]olice officers are often forced to

make split-second judgments – in circumstances that are tense, uncertain, and rapidly

evolving – about the amount of force that is necessary in a particular situation.").

Even if the facts relied upon by plaintiff were enough to prove the force was

excessive, plaintiff would still fail to satisfy the second element of the qualified immunity

---

[3]     While plaintiff's complaint recites a litany of alleged constitutional violations, at the hearing plaintiff's counsel clarified that plaintiff is, at heart, alleging an excessive force claim.

**United States District Court**

For the Northern District of California

1  inquiry – i.e., whether it would be clear to a reasonable officer that the above conduct was

2  unlawful under the facts of the case.

3      Plaintiff attempts to recite material disputes of fact in support of his conclusion that

4  defendant Benziger did not act reasonably.  Again, however, the disputes plaintiff

5  introduces – i.e., that Mr. Collins was in actuality handcuffed at the time defendant Benziger

6  arrived on the scene, and that the crowd was already dispersing by the time defendant

7  Benziger arrived – are not truly material.  This is because even if true, these facts would

8  not vitiate the evidence upon which defendant relies and which plaintiff does not dispute,

9  that (1) Mr. Collins was resisting arrest and struggling with the officers when backup arrived

10  (even if handcuffed), and (2) the officers, including those who arrived as back up, were

11  outnumbered by the amount of bystanders who were present when backup arrived (even if

12  the number was reduced due to fleeing bystanders).

13      In sum, plaintiff's only argument boils down to his statement that "no reasonable

14  officer can believe that the use of force against [m]inor [p]laintiff was justified in this

15  circumstance."  Yet again, plaintiff points to no legal authority of any sort for this

16  conclusion.  Plaintiff would simply have the court make a determination that, based on all

17  alleged facts, defendant Benziger's actions were so egregious that they were, on their face,

18  unreasonable.

19      The court declines plaintiff's invitation to so hold, particularly in view of defendants'

20  cited authority, holding that physical contact in similar circumstances is not necessarily

21  violative of the 4th amendment; that failure of a crowd to obey police commands to "get

22  back" may make it reasonable for police to use force to move the crowd back; and that – as

23  here – the existence of mere bruising, in the absence of more serious injury, does not

24  deprive an officer of immunity for an otherwise reasonable use of force.  See Graham v.

25  Connor, 490 U.S. at 396; Jackson v. City of Bremerton, 268 F.3d 646, 652-52 (9th Cir.

26  2001); Ward v. Gates, 52 Fed. Appx. 341, 346 (9th Cir. 2002).

27      Moreover, as the court in Saucier v. Katz pointed out, the "concern of the immunity

28

8

United States District Court

For the Northern District of California

1   inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints

2   on particular police conduct." <u>See</u> 533 U.S. at 205.  Accordingly, even if an officer makes a

3   mistake, as long as that mistake is reasonable, the officer will still be entitled to immunity.

4   <u>Id</u>.

5          So here.  Although plaintiff has not made a sufficient showing of the first requisite

6   element, even if he had, the undisputed material facts in existence are enough to support a

7   finding that defendant Benziger acted reasonably under the circumstances of the case.

8          Accordingly, summary judgment on plaintiff's section 1983 claim against defendant

9   Benziger is GRANTED in favor of defendants.

10                    **2.     The State Common Law Claims**

11         In addition to the section 1983 claims, plaintiff also asserts numerous state law

12  causes of action against defendants: assault and battery (as to defendant Benziger); false

13  imprisonment (as to defendant Benziger); intentional and negligent infliction of emotional

14  distress (as to defendant Benziger); negligence (as to defendant Benziger); and negligent

15  hiring, retention, training, supervision, and discipline (as to defendants City and Fong).

16                    a.     <u>Assault and Battery</u>

17         Plaintiff's assault and battery claim against defendant Benziger is dependent on

18  proof that defendant Benziger applied an unreasonable amount of force.  Since defendant

19  Benziger's actions cannot be viewed as unreasonable, given the qualified immunity

20  discussion above, the state law assault and battery claim must also fail.  <u>See, e.g., Johnson</u>

21  <u>v. County of Los Angeles</u>, 340 F.3d 787, 794 (9th Cir. 2003).

22         Accordingly, summary judgment on plaintiff's assault and battery claim against

23  defendant Benziger is GRANTED in favor of defendants.

24                    b.     <u>False Imprisonment</u>

25         Plaintiff specifically stated, in his opposition brief and at the hearing, that he "does

26  not contest the motion with respect to False Imprisonment."

27         Accordingly, summary judgment on plaintiff's false imprisonment claim against

28

**United States District Court**
For the Northern District of California

1   defendant Benziger is GRANTED in favor of defendants.

             c.      <u>Intentional and Negligent Infliction of Emotional<br>Distress/Negligence Claims</u>

The parties dispute whether defendant Benziger is immune from liability for these state law claims.  Defendants assert that immunity attaches to defendant Benziger in his capacity as a police officer, pursuant to California Government Code § 821.6.  Plaintiff offers no response to this, stating only in conclusory fashion that immunity attaches only to the City, and not to defendant Benziger.

Defendants are correct.  California Gov't Code § 821.6 grants immunity to police officers for actions taken in the course of their duties, even if those actions were committed negligently, maliciously, or without probable cause.  <u>See generally Baugham v. State of California</u>, 38 Cal.  App. 4th 182 (1995).  As defendants further point out, the immunity codified by Government Code section 821.6 has been extended to claims brought by individuals who were not necessarily the targets of police detentions, arrests, or investigations, and it has been applied to prevent immunity from all manner of state law torts, including negligence and intentional/negligent infliction of emotional distress.  <u>See, e.g., Amylou R. v. County of Riverside</u>, 28 Cal. App. 4th 1205 (1994).

So here.  Defendant Benziger was a police officer acting in the course of his duties when the alleged actions took place.  As such, immunity applies for plaintiff's state law tort claims.

Accordingly, summary judgment on plaintiff's infliction of emotional distress and negligence claims against defendant Benziger is GRANTED in favor of defendants.

             d.      <u>Negligent Hiring, Retention, Training, Supervision, and<br>Discipline</u>

Plaintiff asserts this cause of action against defendants City and Fong.  However, in plaintiff's opposition and at the hearing, plaintiff's counsel conceded defendants' arguments as to this claim with respect to both defendants.

United States District Court

For the Northern District of California

1   Accordingly, summary judgment on plaintiff's negligent hiring claim against

2   defendants City and Fong is GRANTED in favor of defendants.

3   **3.     The State Statutory Law Claims**

4   Finally, plaintiff asserts two causes of action against defendant Benziger that are

5   rooted in state statutory law: violations of sections 51.7 and 52.1 of the California Civil

6   Code.

7   a.     Civil Code section 51.7

8   This provision of the California Civil Code prohibits violence committed by a person

9   against any other person on the basis of race.  In support for his claim that defendant

10   Benziger has violated section 51.7, plaintiff introduces the following as the sum total of his

11   facts: (1) plaintiff is black and defendant Benziger is white; (2) the neighborhood the

12   incident took place in is a primarily black neighborhood; and (3) Mr. Collins is also black.[4]

13   These facts cannot support plaintiff's claim.  The mere fact of racial difference,

14   without more, is insufficient to provide the basis for defeating summary judgment.  See,

15   e.g., Herve v. City and County of San Francisco, 2004 WL 2806165 (N.D. Cal. 2004)

16   (unreported opinion) (holding that mere allegations of derogatory name-calling and silent

17   treatment, without more concrete evidence, were insufficient to prove racial animus).  Here,

18   plaintiff alleges nothing other than the fact of racial difference – no allegations of derogatory

19   name-calling, or otherwise invidious actions on the part of defendant Benziger.

20   Accordingly, summary judgment on plaintiff's section 51.7 claim against defendant

21   Benziger is GRANTED in favor of defendants.

22   b.     Civil Code section 52.1

23   This provision of the California Civil Code prohibits an individual from interfering with

24   "threats, intimidation, or coercion," another's enjoyment of federal constitutional rights.

25   _____

26   [4]   At the hearing, plaintiff's counsel also argued that this claim is supported by
   evidence that defendant Benziger "mocked" plaintiff, presumably in a racially discriminatory

27   way.  However, neither at the hearing, nor in plaintiff's opposition does plaintiff cite to any
   evidentiary support for his claim.  Accordingly, the court does not consider this fact to be

28   properly in evidence.

United States District Court

For the Northern District of California

1   Plaintiff asserts as the basis for this cause of action the identical constitutional violations

2   that he asserts with respect to his section 1983 claims.

3       As defendants point out, plaintiff's reliance on the excessive force allegations for

4   proof of a violation under section 52.1 ignores the requirement that plaintiff must

5   demonstrate both the requisite "threats, intimidation, or coercion," and any interference with

6   constitutional rights.  Without proof of the former element – which plaintiff does not even

7   attempt – no liability attaches under this claim.  See, e.g., Jones v. Kmart Corp., 17 Cal. 4th

8   329, 334 (1998).  Moreover, as stated above, qualified immunity protects defendant

9   Benziger at any rate, with respect to those purported constitutional violations alleged under

10  section 1983.  Accordingly, the same principles also protect defendant Benziger with

11  respect to state law claims that are based on identical constitutional claims.

12      As such, summary judgment on plaintiff's section 52.1 claim against defendant

13  Benziger is GRANTED in favor of defendants.

14      D.    Conclusion

15      For the above reasons, summary judgment in favor of defendants is GRANTED as

16  to all causes of action.  This holding disposes of plaintiff's complaint in its entirety.  The

17  April 10, 2006 date for trial is VACATED.

18

19  **IT IS SO ORDERED.**

20  Dated: February 13, 2006

21  _____
    PHYLLIS J. HAMILTON

22  United States District Judge

23

24

25

26

27

28